**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 95-5715**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOUGLAS BRADLEY, a/k/a New York Dougie,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., Senior District Judge. (CR-94-26)

Submitted: June 20, 1996      Decided: June 27, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph Thomas Love, Jr., Charlottesville, Virginia, for Appellant. Stephen Urban Baer, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Douglas Bradley appeals from the imposition of a ninety-month sentence for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988). Bradley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one potentially meritorious issueCthat certified copies of Bradley's prior convictions demonstrating the fact of prior legal representation should not have been considered by the sentencing court because Bradley did not learn of their existence in time to sufficiently investigate their validity. Without these copies, the attorney argues, there would be no evidence that Bradley was represented on either of these convictions and therefore they could not have been used to increase his criminal history category under Burgett v. Texas, 389 U.S. 109 (1967).

During the sentencing hearing Bradley's counsel expressed a desire to have more time to investigate the certified copies of conviction but failed to specifically object to their admission. Accordingly, as we discern no evidence of plain error, we hold that Bradley has waived review of this claim. United States v. Olano, 507 U.S. 725 (1993).

In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Bradley's sentence and require that counsel inform Bradley, in writing, of his right to petition the Supreme Court of the United States for further review. If Bradley requests that a petition be filed, but

2

counsel believes that such a petition would be frivolous, then counsel may move this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bradley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED